THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| Jeffrey Reichert, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>     v.<br><br>Keefe Commissary Network, L.L.C. d/b/a Access Corrections; Rapid Investments, Inc., d/b/a Rapid Financial Solutions, d/b/a Access Freedom; and Cache Valley Bank,<br><br>                                    Defendants. | No.  3:17-cv-05848-RBL<br><br>**DECLARATION OF JEFFREY REICHERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION** |

I, Jeffrey Reichert, declare under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

1. I am over the age of 18 and competent to testify as to the matters contained herein.

2. The statements contained herein are based on my personal knowledge.

3. On October 21, 2016, after a 10-plus hour day on my feet and while driving home from work, I was detained by officers on the Suquamish Reservation at approximately 9:00 p.m.

4. After spending over an hour detained on the side of the road, I was then arrested by officers of the Kitsap County, Washington Sheriffs' Department at approximately 10:30 p.m.

DECLARATION OF JEFFREY REICHERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION (17-05848-RBL) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5. Eventually, I was taken to the Kitsap County Jail and booked into the jail around 12:30 a.m. on October 22, 2016.

6. During my arrest, Kitsap County officers confiscated all of my cash.

7. To the best of my knowledge, I had $176.77 in cash when I was arrested.

8. My complaint, filed with this Court on October 20, 2017, ECF No. 1, states that I had $177.66 in my possession; this was an inadvertent mistake.

9. I was released from Kitsap County Jail's custody at approximately 5 a.m. on October 22, 2016, after approximately four hours in custody.

10. After a long night in Kitsap County's custody, I was eager to collect my things and go home.

11. After an officer handed me my belt, cell phone, and wallet, I asked her for the cash that I had upon my arrest. I was told I would not receive my cash back, but rather a prepaid debit card.

12. I wanted to receive my money in cash. When I asked the releasing officer at the Kitsap County Jail for my cash instead of the card, the officer replied, "Oh, we don't give you cash back."

13. When I was released, I was issued an AccessFreedom Prepaid MasterCard ("AccessFreedom Card"), which was pre-loaded by the Kitsap County Jail officers with the balance of my cash.

14. To the best of my knowledge, I was not given a receipt showing the card's balance. I had no idea how much money, exactly, was loaded onto the card, or if it was the correct amount.

15. It is my current understanding that the card was issued by Cache Valley Bank and serviced by Rapid Financial Solutions.

DECLARATION OF JEFFREY REICHERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION (17-05848-RBL) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

16. I did not ask for or apply for the AccessFreedom Card or any other plastic payment card.

17. When I was arrested, no officer told me that I would not receive my cash back upon my release.

18. I did not know, and did not have a reason to think, that taking the AccessFreedom Card was anything other than a means of getting my personal property back. I did not believe that, by unwillingly handing over my personal property to the Kitsap County Sheriffs' Office or by accepting the AccessFreedom Card from a Kitsap County Jail officer, that I could potentially be bound by a contract with another third party.

19. All I was told about the card was that it was ready to use and that the PIN was on the card.

20. The Kitsap County Jail officer did not give me an opportunity to reject the AccessFreedom Card or take immediate possession of my money in any other form, such as cash or check.

21. I was handed my card separately from my personal effects, and it was slid across the counter to me with no paperwork and no explanation.

22. I did not receive any terms and conditions or any other written materials explaining the terms for the AccessFreedom Card.

23. I did not sign any documentation agreeing to the AccessFreedom Card or any terms that may apply to it.

24. After my arrest, I kept all my arrest and release paperwork together, and I did not receive any paperwork explaining the fee structure for the AccessFreedom Card, including any "Cardholder Agreement" or "Account Agreement."

DECLARATION OF JEFFREY REICHERT IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO
COMPEL ARBITRATION (17-05848-RBL) - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

25. I was not told that fees would begin to accrue 72 hours after my release.

26. I never received any notice of any arbitration clause associated with the AccessFreedom Card, and never agreed to arbitrate any claims against Keefe Commissary Network L.L.C., Rapid Investments, Inc., or Cache Valley Bank.

27. No one at the Kitsap County Jail spoke with me about the purpose or importance of any terms and conditions related to the AccessFreedom Card.

28. On November 2, 2016, I went to the Kitsap Credit Union and tried to use the ATM machine to request an accounting of my balance. This balance inquiry was unsuccessful and did not tell me my balance. Still unsure of my account balance but approximating what I believed I had in my possession when I was arrested, I then attempted to retrieve $180.00 in funds, and the ATM screen said that there were insufficient funds for the transaction.

29. I then used the same ATM to successfully withdraw $160.  Because I was unsure if this was my full balance, I then entered the Credit Union and spoke with an employee. The Kitsap Credit Union employee could not tell me the balance on my card either; instead I was instructed to go online or call the phone number on the card.

30. Later, I called the number on the card to inquire about my remaining balance. I was then sent via email a printout of the various charges, and learned that the card had been loaded with $176.77, that $16.77 of my cash had been taken from my balance through numerous exorbitant fees, and that these fees had already been debited and removed from my account without my agreement.

31. According to the printout I received, between October 22, 2016 and November 8, 2016, I was charged two "periodic maintenance fees" of $2.50, and one "periodic maintenance fee" of $1.37. I was charged an "issuer fee inquiry" of $1.50, and two "issuer fees" of $2.95.

DECLARATION OF JEFFREY REICHERT IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO
COMPEL ARBITRATION (17-05848-RBL) - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Finally, I was charged an "acquirer convenience fee" of $3.00. By November 8, 2016, after I withdrew $160 and the remaining balance went to pay these fees, there was no balance remaining on my card.

32.   I did not ask for, nor did I want to receive, an AccessFreedom Card in lieu of the cash that Kitsap County confiscated from me. I was never given an option of receiving my money back in the form of cash or check at the time of my release. Had Kitsap County given me the choice of having my cash returned to me at the time of my release or accepting the AccessFreedom Card, I would have chosen to receive my cash.

Executed this 12th day of March, 2018 at Seattle, Washington.

_____
Jeffrey Reichert

DECLARATION OF JEFFREY REICHERT IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO
COMPEL ARBITRATION (17-05848-RBL) - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/Laura R. Gerber*
Laura R, Gerber, WSBA #34981

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DECLARATION OF JEFFREY REICHERT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION (17-05848-RBL) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384