HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY REICHERT, individually and on
behalf of all others similarly situated,

                Plaintiff,

     v.

KEEFE COMMISSARY NETWORK, L.L.C.
d/b/a ACCESS CORRECTIONS; RAPID
INVESTMENTS, INC., d/b/a RAPID
FINANCIAL SOLUTIONS, d/b/a ACCESS
FREEDOM; and CACHE VALLEY BANK,

                Defendants.

NO. 3:17-cv-05848-RBL

**PLAINTIFF'S RECONSIDERATION/
HEARING BRIEF RE: COURT'S
INQUIRY CONCERNING
(1) VARIATIONS IN STATE LAWS
AND (2) JOINDER OF
GOVERNMENTAL ENTITIES**

**Noted for Consideration:  May 22, 2019
Hearing:  May 28, 2019, 1:30 p.m.**

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

### I.   INTRODUCTION

In its May 8, 2019 Order on class certification, the Court identified the following two topics to be addressed at a hearing scheduled for May 28, 2019:

1.       Whether the law of different states regarding contract formation and duress is sufficiently consistent to allow certification of the national class, and

2.       Whether joinder of absent government entities is necessary under Rule 19 to ensure that the Court can accord complete relief and avoid imposing inconsistent obligations.  ECF No. 87.

Plaintiff's counsel will be prepared to address both questions at argument, but offers this memorandum/motion for reconsideration to provide written answers in advance:

(1)  The law to be applied to the proposed national class is consistent across all states due to (a) federal conflict pre-emption by the Electronic Funds Transfer Act (EFTA) and (b) consistent state law with respect to contract formation; and

(2)  Joinder of government entities is unnecessary since plaintiff does not (and likely cannot) seek injunctive relief on behalf of the proposed Rule 23(b)(3) classes.

### II.   LAW AND ARGUMENT

**A.       The EFTA Pre-Empts State Law Concerning When a Release Card is "Accepted" and an Enforceable Contract Formed.**

The Court called for oral argument on "whether state law is sufficiently consistent for the Court to address the issue of contract formation for the national class." ECF No. 87, p. 15.  While plaintiff directly answers this question below, *see* pages 7-11, there is a predicate question that should be addressed:  As to the national class, does state law even apply to the question of whether a contract for a release card is formed?  The answer – which eliminates any need for a state-by-state analysis – is "no."  Under the EFTA, a contract for a release card can only be formed by an affirmative "request or application

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE:
COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND
(2) JOINDER OF GOVERNMENTAL ENTITIES - 1
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

from the consumer" before the card is issued.  15 U.S.C. § 1693i(b)(4).  Any state case law, statute or rule that provides otherwise directly conflicts with this federal statute and is therefore preempted.

In the context of class certification, the national class should be certified so that this dispositive threshold legal question can be adjudicated.  Here, common questions not only exist, but predominate:

> Rule 23(b)(3) focuses on the relationship between the common and individual issues. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis."

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (quoting 7A Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1778 (2d ed. 1986).  In what follows, Reichert offers a preview of the preemption argument that will adjudicate the question of whether a contract was formed for every putative class member who was issued an activated card in violation of the EFTA.  The national class should be certified to adjudicate this and other common issues.

## 1.    Standards Pertaining to Conflict Preemption.

Congress has the power to preempt state law under the Supremacy Clause. ART. VI, CL. 2.  It may do "so either expressly – through clear statutory language – or implicitly."  *Whistler Invs., Inc. v. Depository Trust & Clearing Corp.*, 539 F.3d 1159, 1164 (9th Cir. 2008).  There are two types of implied preemption: conflict preemption (which applies here) and field preemption.  *Id.*

Under conflict preemption the question is whether federal law conflicts with state law.[1]  A conflict can occur when (1) it may be impossible for party to comply with both

---

[1] State law subject to preemption includes not only state statutory and regulatory law, but common law as well.  *Harris by & Through Harris v. Ford Motor Co.*, 110 F.3d 1410, 1415 (9th Cir. 1997).

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

federal and state law, or (2) the state law may pose an obstacle to accomplishment of Congress's objectives as reflected in the federal statute. *Oneok, Inc. Learjet, Inc.*, __ U.S. __, 135 S. Ct. 1591, 1594 (2015). *See also Carrington v. City of Tacoma*, 276 F. Supp. 2d 1035, 1045 (W.D. Wash. 2017) ("'[C]onflict preemption' … occurs … 'where the state law stands as an obstacle to the accomplishment or the full purposes and objectives of Congress.'") (*citing Calif. ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 849 (9th Cir. 2004) *quoting Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984)).

Whether state law "poses an obstacle to federal objectives" is determined by "examining the federal statute as a whole and identifying its purpose and intended effects." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000) ("What is a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purpose and intended effects"). While courts generally begin with a presumption that no preemption exists, there is no such presumption in electronic funds transfers given Congress' long history of legislation in the field. *Bank of Am. v. City & County of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002) (in case concerning ATM fees and electronic funds transfers there is no presumption against preemption because Congress has long "legislated in the field of banking.").

The EFTA recognizes that preemption applies when state law interferes with protections afforded by the Act. *See* 15 USCS § 1693q (state laws "that are inconsistent with the provisions of this title" are subject to conflict preemption "to the extent of the inconsistency" if they provide less protection to the consumer).

> **2.      Under the EFTA, Congress Specifically Required that a Consumer *Affirmatively Request Activation* of a Card for a Legal Contract to be Formed.**

The EFTA is a consumer protection statute.  15 U.S.C. § 1693(b) ("The primary objective of this subchapter, however, is the provision of individual consumer rights.").

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES - 3
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

To fulfill this purpose, it strictly regulates the issuance of electronic funds transfer cards.[2] Under the EFTA, an unsolicited card is permitted only if all of the following conditions are met:

> (1) such card, code, or other means of access *is not validated*;
>
> (2) such distribution is accompanied by a complete disclosure, in accordance with section 1693c of this title, of the consumer's rights and liabilities which will apply if such card, code, or other means of access is validated;
>
> (3) such distribution is accompanied by a clear explanation, accordance with regulation of the Bureau, that such card, code, or other means of access *is not validated* and how the consumer may dispose of such code, card, or other means of access if validation is not desired; and
>
> (4) such card, code, or other means of access is validated *only in response to a request or application from the consumer*, upon verification of the consumer's identity.

15 U.S.C. § 1693i(b) (emphasis added).  *See also* 12 C.F.R. § 1005.5(b) (same); 12 C.F.R. § 1005.2(a)(1) ("'Access device' means a card…"); *Humphrey v. Stored Value Cards*, 2019 U.S. Dist. LEXIS 3361, at *5 (N.D. Ohio, Jan. 8, 2019) ("This provision [15 U.S.C. § 1963i] stops the issuance of unsolicited but activated debit cards.").

This statutory and regulatory scheme therefore protects consumers by mandating that *before a card is validated* the consumer must receive a complete disclosure of the rights and liabilities that "will apply if such card … is validated."[3]  Congress' use of the

---

[2] The EFTA has separate provisions that apply to solicited and unsolicited cards.  If a consumer affirmatively seeks a card, then a company may issue a card "in response to a request or application therefore" or "as a renewal of, or in substitution for, an accepted card." 15 U.S.C. § 1693i(a).  Class members did not apply for a card to receive their money back.  It was predetermined that they would be issued release cards.  They all involuntarily received an activated card upon release.

[3] "Validation" occurs when the card "may be used to initiate an electronic fund transfer."  15 U.S.C. § 1693i(c).  In other words, a validated card is one that is already activated.  There is no dispute that all of the cards issued to putative class members were already validated. *See* ECF No. 37-1 (ATTENTION! This card has already been activated."); ECF No. 37-2 ("Using Your Card.  Your Card is active right now and can immediately be used to access available funds that have been 'loaded' to the Card.").

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES - 4
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

phrase "*will apply if*" is significant.  Explicit in this language is the directive that the terms and conditions "will" only apply to the consumer "if" the card is subsequently validated.  To fulfill the statutory goal of protecting consumers, this makes perfect sense: Congress codified the principle that a consumer cannot be deemed to have accepted any of the terms and conditions of an unsolicited card unless the requirements of the statute have been met.

Congress also regulates the precise form of assent necessary to make the terms and conditions binding on the consumer.  Pursuant to Section 4, assent to the issuance of the card (and its corresponding terms and conditions) can only occur "*in response to a request or application from the consumer*."  15 U.S.C. § 1693i(b)(4) (emphasis added).[4] No other form of assent is recognized by statute. 15 U.S.C. § 1693i(a), (b).  As a result, a consumer cannot be said to have "assented" to a contract for a card by simply taking it upon release, or subsequently using the card.  Congress mandated that there was only one way that an unsolicited card would be valid under federal law:  a consumer must make an affirmative "request or application" for activation.  15 U.S.C. § 1693i(b)(4). Here, of course, the cards were validated before they were even provided to the releasee. *See* ECF No. 37-1; 37-2.  No "request" or "application" preceded validation of any of the cards at issue in this litigation.[5]

In light of these specific statutory provisions, any state statute, regulation or case law that would deem a contract for a card to be formed between a consumer and

---

[4] The consumer must also be provided the terms and conditions *before the card is validated* so that the consumer can decide whether to accept those terms. 15 U.S.C. § 1693i(b)(2).

[5] Whether the class member did, or did not, receive a copy of the terms and conditions along with the activated card is irrelevant under the statute.  The terms and conditions can only become effective if (1) they are disclosed *before the card is validated*, (2) the releasee had a genuine choice for how to receive payment of his or her funds, and then only if (3) the consumer subsequently, and affirmatively, requests that the card be validated.  Here, where releasees had no choice but to accept the card, the terms and conditions are ineffective, even if provided with the release card.  To conclude otherwise would gut the specific protections intended by Congress.

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES - 5
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

company with less stringent requirements would directly thwart the plain language, and consumer protection purpose, of the statute.  To permit states to override the statute by providing less protection for the consumer with respect to contract formation for a valid card is a type of perverse "reverse preemption" that falls under the Supremacy Clause. This is a textbook case of conflict preemption.  *Bank of Am.*, 309 F.3d at 559.

Finally, in the context of class certification, the conflict preemption issue is a common question that can be answered in one proceeding with respect to all class members.  If EFTA preempts state contract law concerning the formation of a contract for a card covered by the EFTA, then variations in state law regarding contract formation, if any, are irrelevant.  Federal law would control the formation issue.  The national class should be certified for the adjudication of this question.

**B.    There is No Variation Among the States with Respect to the Common Law Contract Requirement of Mutual Assent.**

Even if preemption did not apply here – and it does – there is no barrier to certification of a national class because states are unified in analyzing how contracts are formed.  In its May 8, 2018 Order, the Court cited *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718 (9th Cir. 2007), as prompting its concern that Defendants' arbitration defense might require a state-by-state conscionability analysis that would overwhelm the common questions of law and fact. ECF 87, at 14.[6]  The gateway issue here, however, is whether the potential class members entered into any contract at all, not whether the arbitration clause would be deemed unconscionable under the law of each states.  *Lee v. Intelius Inc.*, 737 F.3d 1254, 1259 (9th Cir. 2013) (conclusion that plaintiff did not enter

---

[6] The Court also expressed a concern that the issue of contract formation might also affect the unjust enrichment claim.  That claim, however, has only been asserted by the state class.  Only Washington law applies to that claim, and a fifty-state analysis is not necessary with respect to unjust enrichment.

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES - 6
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

contract for service also "necessarily entails a holding" that he did not enter into a contract to arbitrate).

As this Court previously recognized, "[i]n order for a promise or set of promises to be legally enforceable, there must be *mutual assent* and consideration."  ECF No. 53, p. 3 (*citing* RESTATEMENT (SECOND) OF CONTRACTS, § 1 and § 3 (1981)) (emphasis added). The Court ultimately held that the Defendants' motion to compel arbitration failed due to the lack of mutual assent: "All contracts, including those to arbitrate disputes, must have mutual assent, and Defendants' 'contract' to arbitrate is unenforceable and unconscionable under Washington law."  *Id.*, p. 4.

This reasoning applies equally to whether a contract was formed between each potential class member and Defendants. The Court recognized, with respect to Mr. Reichert, that because he had no choice but to accept the card to get his money back, *nothing* indicated that he had either (1) assented to the "contract" or (2) expressed that intention to Defendants in any way.  Neither his receipt or use of the card manifested assent.  After he was handed the card his only "choices," like those of all class members, were (1) to use the card in an attempt to get (some of) his money back or (2) do nothing and have his money drained to nothing with weekly fees.[7]  Neither is an expression of assent.

In that same Order, the Court recognized that there was "a fork in the road" between "valid contracts (not actionable) and no contract (actionable)."  ECF No. 53, p. 5. With the class definition now revised to include only individuals who were "not offered an alternative method for the return of their money" there is only one lane.  By definition,

---

[7] As the Court recognized in the Order on Class Certification, "inmates are ... charged 'weekly maintenance fees,'" the first of which is "incurred 36 or 72 hours after the care is issued."  ECF No. 87, p. 3. Doing nothing is not an option if the individual wants any of their money returned. In this circumstance, "use" of the card – by seeking money in an ATM, online or at a bank – is not an objective manifestation of assent to a contract.

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE:
COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND
(2) JOINDER OF GOVERNMENTAL ENTITIES - 7
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

if individuals do not have any choice but to accept the card, then there is no manifestation of mutual assent necessary for contract formation. ECF No. 53, p. 5; *Regan v. Stored Value Cards, Inc.*, 85 F. Supp. 3d 1357, 1364 (N.D. Ga. 2015) (Denying motion to arbitrate where plaintiff was given a release card but was not given an option to receive money upon release from jail by cash or check: "Georgia law requires the assent of both parties to form a contract…."); *Brown v. Stored Value Cards, Inc.*, 2016 U.S. Dist. LEXIS 23026 (D. Or., February 25, 2016) (Denying motion to arbitrate where plaintiff's only option to get her money returned to her was by accepting a release card: "Under Oregon law, to form a contract, there must be a 'meeting of the minds of the parties, a standard that is measured by the objective manifestations of intent by both parties to bind themselves to an agreement.")

The requirement of mutual assent is not unique to Washington, Georgia, or Oregon. Mutual assent is a universal requirement that underpins the very meaning of a "contract" in western jurisprudence.  "As every first-year law student knows, 'an agreement or mutual asset is of course essential to a valid contract.'"  *Mitchell v. Wells Fargo Bank*, 280 F. Supp. 3d 1261, 1280 (10th Cir. 2017) (*quoting Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017), *quoting Lucy v. Zehmer*, 84 S.E.2d 516, 522 (Va. 1954)).

Mutual assent, in turn, is determined by an objective standard, or whether a reasonable person would interpret "manifestations of assent" as acceptance of the terms and conditions. *Schnabel v. Trilegiant Corp*, 697 F. 3d 110,119 (2d Cir. 2012) (determination of whether California or Connecticut law  applies was unnecessary, because under both, mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties); *Pine Hills Health & Rehab, LLC v. Matthews*, 431 S.W. 3d 910, 915 (Ark. 2014) (in employing an objective test for determining mutual asset, court looks at  "objective indicators of agreement and not subjective opinions").

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES - 8
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

Thus, the Court may determine, under an objective standard, whether class members have assented to the cards.

State law is sufficiently consistent – if not identical – for the Court to address the issue of contract formation for the national class here.  The Court is correct that "in light of the amended class definition, it seems unlikely that arbitration agreements could be formed under the law of any state." ECF No. 87, p. 14.  Under the objective standard for assent, common questions predominate for  every potential class member:

- Each was released from confinement;
- There was no choice to receive funds by cash or check;
- The cards were pre-loaded and activated *before* receipt by the inmate; and
- There was no meaningful alternative to obtain their funds other than to use the card.[8]

The fact that some inmates may have received a Cardholder Agreement with the pre-activated card does not change any of the above facts.  Under these circumstances, releasees cannot "mutually assent" to the fine print on the Cardholder Agreement.

An inmate's subjective understanding of the terms of the Cardholder Agreement is irrelevant.  The issue is whether it was objectively reasonable that an inmate, under these circumstances, assented to Defendants' terms.  That is a question that is common to all potential class members and predominates over any unique expectation of an inmate.

---

[8] Had some released inmates "put on  their spectacles and read the fine-print" of the Cardholder Agreement (*see* ECF No. 87 at 16) and then called within the limited number of hours Defendants unilaterally provided to retrieve the funds before fees were incurred, they would have had to provide the card number and pin, hence "using" the card. Under Defendants' theory, such "use" would have committed them to the terms of the Agreement. Indeed, according to Defendants, accepting the activated card upon release alone is enough to bind the consumer. ECF No. 37-1 (Back of release card says "[b]y accepting *and or* using this card, you agree to the Account Agreement.") (emphasis added).

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE:
COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND
(2) JOINDER OF GOVERNMENTAL ENTITIES - 9
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

Given that a contract, by its very nature, requires mutual assent, it is not surprising that every state recognizes that a contract cannot exist without mutual assent. The analysis that this Court already conducted in this case in rejecting Defendants' motion to compel arbitration with respect to Reichert, *see* ECF No. 53, would be the same under the law of any state. A review of the "mutual assent" requirement for all states, many in the context of arbitration, is attached hereto as ***Appendix A.*** State-by-state variations on this fundamental question are negligible and pose no problems in manageability.[9] *Hanlon*, 150 F.3d at 1022 (certification proper where state laws were only "local variants of a generally homogenous collection" of similar approaches: "idiosyncratic differences" are not "sufficiently substantive to predominate over the shared claims.").

**C.      Joinder of Governmental Entities is Not Necessary Because the Classes Presently Sought to be Certified are Not Seeking Injunctive Relief.**

The Court expressed a concern that it "may be unable to fashion adequate injunctive relief" in the absence of Kitsap County and other government entities from this case. ECF No. 87, p. 24 ("It is also possible that an injunction would impose inconsistent obligations on Defendants, who would be ordered to reform their practices while still contractually bound to provide the same services to government clients."). This concern is easily addressed. The present motion for class certification, brought under the "damage class" provisions of Fed. R. Civ. Pro. 23(b)(3), does not seek injunctive relief. ECF No. 69, p. 6; ECF No. 85, p. 15; *Frank v. United Airlines, Inc.*, 216 F.3d 845, 849 (9th Cir. 2000) (contrasting "injunction" class action under (b)(2) with

---

[9] Plaintiff has met its burden in demonstrating the lack of relevant distinction between the states on mutual assent. If Defendants can identify any state with materially different law, there is no reason a subclass cannot be formed to manage those differences. *Petersen v. Costco Wholesale Co.*, 312 F.R.D. 565 (C.D. Cal. 2016) (where there were material variations among nine states as to strict liability standards, court certified nine single-state subclasses).

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES - 10
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

"damages" class action under (b)(3)).  For the national class, plaintiff seeks the remedies provided under the EFTA, 15 U.S.C. § 1693m.  These include actual damages under § 1693m(1), statutory damages under § 1693m(2), and fees and costs as permitted under § 1693m(3).  These are all retrospective damage remedies that do not implicate injunctive relief.  The state class also seeks certification for a damages claim.  Although Reichert alleges causes of action, such as the Consumer Protection Act, that could give rise to injunctive relief, it is unlikely that he would have standing to assert prospective relief because he has no intention of ever being arrested and having his money seized again. Plaintiff only seeks certification of damage classes under Rule 23(b)(3) for the purpose of seeking retrospective relief for both classes. If, at some future point in this litigation, the Court permitted the addition of a class representative with a live claim for prospective relief, then the issues related to joinder under Rule 19 would need to be addressed.  At this stage, however, joinder to effect comprehensive injunctive relief is not at issue.

### III.  CONCLUSION

The national class should be certified because the EFTA requires affirmative assent, by a request or application, before a contract for a card can be formed.  Any state law that would permit assent with less protections is preempted.   Even absent preemption, under the law of every state, every contract requires mutual assent to its terms and conditions.  There is no such mutual assent here.

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE:
COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND
(2) JOINDER OF GOVERNMENTAL ENTITIES - 11
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

DATED:  May 22, 2019.

By: s/ *Chris R. Youtz*
By: s/ *Richard E. Spoonemore*
By: s/ *Eleanor Hamburger*

Chris R. Youtz, WSBA #7786
Richard E. Spoonemore, WSBA #21833
Eleanor Hamburger, WSBA #26478
SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 Fifth Avenue, Suite 2560
Seattle, WA 98104-7054
Telephone:  (206) 223-0303
Email:  chris@sylaw.com
          rick@sylaw.com
          ele@sylaw.com
Attorneys for Plaintiff

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE:
COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND
(2) JOINDER OF GOVERNMENTAL ENTITIES - 12
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Sylvia Karen Bamberger**
  kbamberger@bpmlaw.com, carkins@bpmlaw.com, lbrown@bpmlaw.com

- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, stacy@sylaw.com, theresa@sylaw.com

- **Emily J Harris**
  eharris@corrcronin.com, sdamon@corrcronin.com, reception@corrcronin.com

- **Suzanne L Jones**
  sjones@hinshawlaw.com, mharo@hinshawlaw.com

- **Eric A Lindberg**
  elindberg@corrcronin.com, cnelson@corrcronin.com

- **Daniel Marshall**
  dmarshall@hrdc-law.org, kmoses@humanrightsdefensecenter.org,
  tlivingston@humanrightsdefensecenter.org

- **Masimba Mutamba**
  mmutamba@hrdc-law.org, kmoses@hrdc-law.org

- **Sabarish Neelakanta**
  sneelakanta@hrdc-law.org

- **Russell S Ponessa**
  rponessa@hinshawlaw.com

- **Richard E Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com,
  theresa@sylaw.com, stacy@sylaw.com

- **George F Verschelden**
  george.verschelden@stinson.com, linda.stephen@stinson.com

- **Chris Robert Youtz**
  chris@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

DATED:  May 22, 2019, at Seattle, Washington.

_/s/ Richard E. Spoonemore_
Richard E. Spoonemore, WSBA #21833

PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE:
COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND
(2) JOINDER OF GOVERNMENTAL ENTITIES - 13
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303 FAX (206) 223-0246

# Appendix A

| State | Authority | Holding (*citations omitted*) |
|---|---|---|
| Alabama | *I.C.E. Consts. Inc. v. Martin & Cobey Constr. Co.*, 58 So.3d 723 (Ala. 2010). | There was no agreement to arbitrate because there was no contract – a contract requires objective manifestations of mutual assent which did not exist.<br><br>Page 725: "In Alabama, one of the requisite elements of a valid contract is mutual assent to the essential terms of the contract." |
| Alaska | *Duffus v. IndyMac Mortg. Servs.*, 2014 Alas. LEXIS *15 (Alaska , February 19, 2014). | Mutual assent is necessary for every contract, arbitration agreements require traditional contract elements under Alaska Stat. § 09.43.010(a).<br><br>Page *9: "Mutual assent is an essential element of contract formation." |
| Arizona | *Johnson v. Earnhardt's Gilbert Dodge*, 132 P.3d 825 (Ariz. 2006). | Mutual assent is necessary for every contract, arbitration agreements require traditional contract elements under Arizona Stat. § 12-3006(A).<br><br>Page 828: "A contract is 'a bargain in which there is a manifestation of mutual assent to the exchange and consideration….'  Mutual assent is ascertained from 'objective evidence, not [from] the hidden intent of the parties.'" |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 1
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

| Arkansas | *Pine Hills Health & Rehab., LLC v. Matthews*, 431 S.W.3d 910 (Ark. 2014). | There was no agreement to arbitrate because there was no contract – a contract requires objective manifestation of mutual assent which did not exist.<br><br>Page 915: "Both parties must manifest assent to the particular terms of a contract. This court employs an objective test for determining mutual assent, by which we mean objective indicators of agreement and not subjective opinions." |
| --- | --- | --- |
| California | *Esparza v. Sand & Sea, Inc.*, 2 Cal. App. 5th 781 (2016). | There was no agreement to arbitrate because there was no contract – a contract requires mutual assent, which must be outward and shown objectively.<br><br>Page 787: "'An essential element of any contract is the consent of the parties, or mutual assent.' Further, the consent of the parties to a contract must be communicated by each party to the other. Mutual assent is determined under an objective standard applied to the outward manifestation or expressions of the parties…." |
| Colorado | *Industrial Prods. Int'l v. Emo Trans, Inc.*, 962 P.2d 983 (Co. App. 1997). | Mutual assent is necessary for every contract, arbitration agreements require traditional contract elements under C.R.S. 13-22-206.<br><br>Page 988: "An enforceable contract requires mutual assent to an exchange, between |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 2
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | |
|---|---|---|
| | | competent parties, with regard to a certain subject matter, for legal consideration." |
| Connecticut | *A. Dubreuil & Sons, Inc. v. Lisbon*, 577 A.2d 709 (Ct. 1990). | There was no agreement to arbitrate because of a lack of mutual assent.<br><br>Page 712: "'Arbitration is a creature of contract.' The issue of whether the parties to a contract have agreed to arbitration is controlled by their intention." |
| Delaware | *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209 (Del. 2018). | An objective manifestation of mutual assent is necessary for all contracts.<br><br>Page 1212: "One of the first things first-year law students learn in their basic contracts course is that, in general, 'the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration.' In other words, there must be a 'meeting of the minds' that there is a contract supported by consideration." |
| Florida | *All-South Subcontractors, Inc. v. Amerigas Propane, Inc.*, 206 So.3d 77 (Fla. App. 2016). | There was no agreement to arbitrate because of a lack of mutual assent.<br><br>Page 81: "[M]utual assent is condition precedent to the formation of a contract and that absent mutual assent, neither the contract nor any of its individual provisions comes into existence." |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 3
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

| Georgia | *TranSouth Fin. Corp. v. Rooks*, 604 S.E.2d 562 (Ga. App. 2004). | There was no agreement to arbitrate because there was no mutual assent to the contract.<br><br>Page 564: "One seeking to enforce a contract must bear the burden of proof as to all the essential elements of the contract, including the assent to the contractual terms." |
| --- | --- | --- |
| Hawaii | *Siopes v. Kaiser Found. Health Plan, Inc.*, 312 P.3d 869 (Haw. 2013). | There was no agreement to arbitrate because there was no contract – a contract requires mutual assent, which must be outward and shown objectively.<br><br>Page 447: "'[T]here must be a mutual assent or meeting of the minds on all essential elements or terms to create a binding contract.' 'The existence of mutual assent or intent to accept is determined by an objective standard….'" |
| Idaho | *Bremer, LLC v. East Greenacres Irrigation Dist.*, 316 P.3d 652 (Id. 2013). | All contracts require mutual assent, the lack of mutual assent is fatal to contract formation.<br><br>Page 657: "A contract requires mutual assent. This requires '[a] distinct understanding common to both parties' to exist.' Therefore, mutual assent or a 'meeting of the minds' must occur on every material term in the contract." |
| Illinois | *Fries v. United Mine Workers*, 333 N.E.2d 600 (Ill. App. 1975). | Mutual assent must be manifested before a contract can be deemed formed. |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 4
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | |
|---|---|---|
| | | Page 604: "An accepted rule of the law of contracts is that 'the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." |
| Indiana | *Martin Rispens & Son v. Hall Farms*, 621 N.E.2d 1078 (Ind. 1993). | Contract terms and limitations do not apply unless there was mutual assent to the terms of the agreement at formation.<br><br>Page 1987: "Contract formation requires mutual assent on all essential contract terms.  Without mutual assent, the limitations become ineffective as a matter of law." |
| Iowa | *Gen. Conf. of the Evangelical Methodist Church v. Faith Evangelical Methodist Church*, 809 N.W.2d 117 (Iowa App. 2011). | General contract law applies to validity of arbitration agreements, all contracts must contain mutual consent to be valid.<br><br>Page 122: "Our courts turn to general principles of contract law in determining the validity of an arbitration agreement…'All contracts must contain mutual assent….'" |
| Kansas | *Sidwell Oil & Gas. Co. v. Loyd*, 630 P.2d 1107 (Kan. 1981). | Mutual assent is required for contract formation, the lack of evidence of such assent dooms contract formation.<br><br>Page 84: "'To constitute a meeting of the minds there must be a fair understanding between the parties which normally accompanies mutual consent and the evidence must show with |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 5
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | reasonable definiteness that the minds of the parties met upon the same matter and agreed upon the terms of the contract.'" |
|---|---|---|
| Kentucky | *Oakwood Mobile Homes v. Sprowls*, 82 S.W.3d 193 (Ky. 2002). | There was no agreement to arbitrate because there was no mutual assent to the contract.<br><br>Page 195: "…[A]rbitration agreements are a matter of contract…. [N]one of the authority Movants cite demonstrates that, under Kentucky contract law, Respondent could have reached a 'meeting of the minds' with Oakwood and agreed to arbitrate her claims…." |
| Louisiana | *Clement v. Sneed Bros.*, 121 So.2d 235 (La. 1960). | Free mutual assent is a necessary element of contract formation, without it there is no contract.<br><br>Page 238: "'A contract is incomplete unless there be a meeting of the minds of the parties upon the common ground of a mutual understanding of facts and subject matter. Not only must the parties understand alike, but their conduct must afford a complete expression of this meeting of the minds, and leave no material element unexpressed. The free mutual assent of the parties is necessary to constitute a contract.'" |
| Maine | *McClare v. Rocha*, 86 A.3d 22 (Me. 2014). | Mutual assent is an essential element necessary for all contracts. |

**APPENDIX A** – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 6
[Case No. 3:17-cv-05848-RBL]

| | | Page 29: "'A manifestation of mutual assent, express or implied, is essential to the formation of a contract.'" |
|---|---|---|
| Maryland | *DIRECTV, Inc. v. Mattingly*, 829 A.2d 626 (Md. App. 2002) | There was no agreement to arbitrate because there was no mutual assent to the contract.<br><br>Page 631, 636: "As respondent did not have adequate notice of the arbitration clause and therefore could not have voluntarily assented to arbitration, we hold that the Court of Special Appeals was correct in finding that compelled arbitration was not required under the contract…. The facts of the preceding cases present situations where the parties' conduct amounted to mutual assent … [a]s the situation before this Court presents a dissimilar factual record from this body of case law…." |
| Massachusetts | *Constantino v. Frechette*, 897 N.E.2d 1262 (Mass. App. 2008) | There was no agreement to arbitrate because there was no mutual assent to the contract.<br><br>Page 1266: "A binding contract requires mutual assent to all essential provisions.  Viewed from this perspective, at the time she signified her assent to the arbitration provisions, [plaintiff] could not reasonably have understood that she was agreeing to waive her right to a jury trial not only against the nursing home, but also against all its employees." |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 7
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

| Michigan | *Horn v. Cooke*, 325 N.W.2d 558 (Mich. App. 1982). | All contracts, including agreements to arbitrate, require objective mutual assent of both parties, case remanded.<br><br>Page 560: "No contract to arbitrate can arise except upon the expressed mutual assent of the parties.  A party cannot be required to arbitrate an issue he has not agreed to submit to arbitration." |
| Minnesota | *Field-Martin Co. v. Fruen Milling Co.*, 298 N.W. 574 (Minn. 1941). | An expression of mutual assent is necessary before a contract can be deemed to have been formed.<br><br>Page 575: "[T]he 'expression of mutual and final assent is the operation that completes the making of a contract.' While ordinarily present, it is not the meeting of minds of the parties, but the expression of their mutual assent that, as to formal contracts, is culmination of the contract-making process. It is not the subjective thing known as meeting of the minds, but the objective thing, manifestation of mutual assent, which is essential." |
| Mississippi | *Byrd v. Simmons*, 5 So.3d 384 (Miss. 2009). | There was no agreement to arbitrate because there was no mutual assent, mutual assent must be shown "by the acts or conduct" of the parties.<br><br>Page 389: "Furthermore, '[a] court cannot draft a contract between two parties where they |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 8
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | have not manifested a mutual assent to be bound.'" |
|---|---|---|
| Missouri | *Kunzie v. Jack-in-the-Box, Inc.*, 330 S.W.3d 476 (Mo. App. 2010). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 486: "Moreover, without a finding that Appellant and Respondent agreed to submit to arbitration, Appellant cannot be required to arbitrate his dispute with Respondent." |
| Montana | *Kortum-Managhan v. Herbergers NBGL*, 204 P.3d 693 (Mt. 2009) | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 697: "[I]n Montana, the enforcement of an arbitration clause is a question of Montana contract law…. All contracts must contain four essential elements… 'There must be mutual assent of a meeting of the minds on all essential terms to form a binding contract.'" |
| Nebraska | *T & M Elec., Inc. v. Hupp*, 2004 Neb. App, LEXIS 142 (Neb. App., June 1, 2004). | Object evidence of mutual assent to the terms and conditions of any contract is necessary.<br><br>Page *11: "To create a contract, there must be both an offer and acceptance; there must also be a meeting of the minds or a biding mutual understanding between the parties to the contract. Mutual assent to a contract is determined by the objective manifestations of intent by the |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 9
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | |
|---|---|---|
| | | parties, not by their subjective statements of intent." |
| Nevada | *Roth v. Scott*, 921 P.2d 1262 (Nevada 1996). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 1265: "Because the parties did not have a meeting of the minds as to the essential terms of the contract, there was no agreement for binding arbitration…." |
| New Hampshire | *Estate of Younge v. Huysmans*, 506 A.2d 282 (N.H. 1985). | Mutual assent to the terms and conditions of an agreement must be objectively shown before contract can be deemed to be formed.<br><br>Page 284: "A meeting of the minds must occur before a contract is formed.  The intent of the parties is determined by an objective standard, and not by actual mental assent." |
| New Jersey | *Kernahan v. Home Warranty Adm'r of Fla., Inc.*, 199 A.3d 766 (N.J. 2019). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 776: "In this state, when called on to enforce an arbitration agreement, a court's initial inquiry must be – just as it is for any contract – whether the agreement to arbitrate all, or any portion, of a dispute is 'the product of mutual assent, as determined under the customary principles of contract law.'" |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING
BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS
AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 10
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

| New Mexico | *DeArmond v. Halliburton Energy Servs.*, 81 P.3d 573 (N.M. App. 2003). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 577: "Whether a valid contact to arbitrate exists is a question of state contract law…. For a contract to be legally valid and enforceable, it must be factually supported by an offer, an acceptance, consideration and mutual assent. |
| --- | --- | --- |
| New York | *Resorb Networks, Inc. v. YouNow.com*, 30 N.Y.S.3d 506 (N.Y. 2016). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 510: "'To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." |
| North Carolina | *Schwarz v. St. Jude Med., Inc.*, 802 S.E.2d 783 (N.C. App. 2017) | Objective evidence of mutual assent is a requirement inherent in every contract.<br><br>Page 789: "The essence of any contract is the mutual assent of both parties to the terms of the agreement.  Mutual assent of the parties 'is operative only to the extent that it is manifested." |
| North Dakota | *Amann v. Fredrick*, 257 N.W.2d 436 (N.D. 1977). | Mutual assent, which must be objectively manifested, is an essential element of contract formation. |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 11
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | Page 439: "Mutual assent to a contract is indeed required … that assent must be evidenced in some way, and if the evidence is clear enough, the contract will be binding…." |
|---|---|---|
| Ohio | *Hardwick v. Sherwin-Williams Co.*, 2003 Ohio 657 (Ohio App. 2002). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page P15: "[W]e refuse to force arbitration on plaintiffs here due to the absence of evidence of mutual assent." |
| Oklahoma | *Dunbar Eng'g v. Rhinosystems, Inc.*, 232 P.3d 931 (Ok. App. 2010). | Mutual assent required before agreement to arbitrate can be found, hearing required on issue of mutual assent.<br><br>Page 935, fn. 8: "Arbitration agreements and the interpretation thereof are 'governed by general state-law principles of contract interpretation.' The rules of offer and acceptance and of mutual assent control any issue of contract formation." |
| Oregon | *Martin v. Comcast of California/Colorado/Florida/Oregon, Inc.*, 146 P.3d 380 (Or. App. 2006) | Mutual assent required for agreement to arbitrate to be formed, no objective evidence of mutual assent found in case therefore arbitration agreement was never formed.<br><br>Page 388: "Without an objectively manifested meeting of the minds, no contract existed." |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 12
[Case No. 3:17-cv-05848-RBL]

| Pennsylvania | *Bair v. Manor Care of Elizabethtown, PA, LLC*, 108 A.3d 94 (Pa. Super. 2015). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 96: "Arbitration cannot be compelled in the absence of an express agreement to arbitrate. The touchstone of any valid contract is mutual assent and consideration." |
| --- | --- | --- |
| Rhode Island | *Stanley-Bostitch, Inc. v. Regenerative Envtl. Equip. Co.*, 697 A.2d 323 (R.I. 1997). | There was no agreement to arbitrate because there was no contract – a contract requires mutual assent, which must be outward and shown objectively.<br><br>Page 326: "Mutual assent objectively manifested by the writings of the parties is a condition precedent to the formation of a binding agreement to arbitrate." |
| South Carolina | *Anderson Mem'l Hosp. v. Hagen*, 443 S.E.2d 399 (S.C. App. 1994). | Mutual assent is a necessary element of all contracts.<br><br>Page 400, n. 1: "Mutual assent to all essential terms of the agreement is necessary to the formation of a contract." |
| South Dakota | *Masteller v. Champion Home Builders Co.*, 723 N.W.2d 561 (S.D. 2006). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 566: "The circuit court properly concluded that there was no mutual assent with respect to the … Arbitration Agreement." |

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

| Tennessee | *Capps v. Adams Wholesale Co.,* 2015 Tenn. App. LEXIS 356 (Tenn. App., May 21, 2015). | There was no agreement to arbitrate because there was no contract – a contract requires mutual assent, which must be outward and shown objectively.<br><br>Page 8: "[W]e hold that an arbitration agreement was not formed because there was never an objective mutual assent to the terms of the agreement…." |
| --- | --- | --- |
| Texas | *Morgan v. Bronze Queen Mgmt. Co., LLC,* 474 S.W.3d 701 (Texas App. 2014). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in the case.<br><br>Page 706:  "As a matter of basic contract formation principles, an agreement to arbitrate is not created by a unilateral offer from a party.  Contracts require mutual assent." |
| Utah | *Bybee v. Abdulla,* 189 P.3d 40 (Utah 2008). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in case.<br><br>Page 43: "'[T]he burden of proof for showing the parties' mutual assent as to all material terms and conditions is on the party claiming that there is a contract.' Arbitration agreements are not exempt from this rule." |
| Vermont | *Everbank v. Marini,* 134 A.3d 189 (Vt. 2015). | Mutual manifestations of assent are a required element of contract formation.<br><br>Page 195: "'It is, of course, a basic tenet of the law of contracts that in any agreement … there must |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 14
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | be mutual manifestations of assent or a 'meeting of the minds' on all essential particulars.'" |
|---|---|---|
| Virginia | *Phillips v. Mazyck*, 643 S.E.2d 172 (Va. 2007). | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in case.<br><br>Page 177: "Thus, we hold that, because the record does not disclose the mutual assent of [parties] to the terms of the Revised Arbitration Agreement, the parties did not have an enforceable written agreement to arbitrate…." |
| Washington | *Weiss v. Lonnquist*, 224 P.3d 787 (Wash. App. 2009). | There was no agreement to arbitrate because there was no contract – a contract requires mutual assent, which must be outward and shown objectively.<br><br>Pages 791-92: "As arbitration is a matter of contract, parties cannot be compelled to arbitrate unless they agreed to do so.  Under Washington law, '[f]or a contact to exist there must be mutual assent to its essential terms.'" |
| West Virginia | *State ex rel. AMFM, LLC v. King*, 740 S.E.2d 66 (W. Va. 2013) | Mutual assent required before agreement to arbitrate can be found; no mutual assent existed in case.<br><br>Page 478: "Accordingly, to be valid, the subject Arbitration Agreement must have (1) competent parties; (2) legal subject matter; (3) valuable |

APPENDIX A – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 15
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

| | | consideration; *and* (4) mutual assent." (emphasis in original). |
|---|---|---|
| Wisconsin | *Midwest Neurosciences Assocs., LLC v. Great Lakes Neurosurgical Assocs., LLC*, 920 N.W.2d 767 (Wis. 2018). | Mutual assent and agreement of intention must be found before agreement to arbitrate can be enforced; order compelling arbitration reversed pending findings on mutual assent.<br><br>Page 778: "Arbitration agreements are 'a matter of contract.' As such, '[a]rbitrators derive their authority only from the parties' advance agreement that they will submit such grievances to arbitration' and thus, parties cannot be 'required to submit any dispute to arbitration unless [they have] agreed to do so." |
| Wyoming | *Shrum v. Zeltwanger*, 559 P.2d 1384 (Wyo. 1977). | A binding contract requires mutual assent to its terms and conditions.<br><br>Page 1387: "In order for there to be a binding contract, there must be mutual assent – a mutual manifestation to the same terms." |

**APPENDIX A** – PLAINTIFF'S RECONSIDERATION/HEARING BRIEF RE: COURT'S INQUIRY RE: (1) VARIATIONS IN STATE LAWS AND (2) JOINDER OF GOVERNMENTAL ENTITIES – 16
[Case No. 3:17-cv-05848-RBL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246