THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jeffrey Reichert, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>Keefe Commissary Network, L.L.C. d/b/a Access Corrections; Rapid Investments, Inc., d/b/a Rapid Financial Solutions, d/b/a Access Freedom; and Cache Valley Bank,<br><br>                  Defendants. | No. 3:17-cv-05848-RBL<br><br>**DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF**<br><br>**NOTED ON MOTION CALENDAR: May 28, 2019 at 1:30 p.m.** |

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Pursuant to the Court's May 23, 2019 Minute Order (Dkt. 90), Defendants submit this Class Certification Hearing Brief.

## I. LEGAL ARGUMENT

**A.  Plaintiff's fact-specific challenge to the enforcement of Defendants' contract cannot be applied to a nationwide class.**

Plaintiff asserts that every state requires mutual assent to form a contract. (Dkt. 89 at 7-11). Defendants do not take issue with this general principle, but mutual assent is not the issue here. It is well-established that an offer can be accepted through performance as provided in the release card's Cardholder Agreement.[1] Instead, the issue identified by the Court – in both the Order Denying Motions to Compel Arbitration (Dkt. 53) and Order on Motion for Class Certification (Dkt. 87) – is the enforceability of the contract. Specifically, whether duress and unconscionability can be addressed on a class-wide basis. These defenses assume that the contract was accepted; what they challenge is enforceability.[2] *Cf. Gandee v. LDL Freedom Enterprises, Inc.*, 176 Wn.2d 598, 603, 293 P.3d 1197, 1199-1200 (Wash. 2013) (noting that "[s]everance is the usual remedy for substantively unconscionable terms" in the context of analyzing an arbitration agreement); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (holding that arbitration agreements must be declared unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract."). These contractual defenses involve variations in state law and require individualized discovery and mini-trials.

---

[1] A list of cases holding that a party may accept a contract offer through performance is found in Defendants Motion to Compel Arbitration (Dkt. 36) at pp. 12-14.

[2] Plaintiff opposed Defendants' motion to compel arbitration by arguing that a contract accepted under duress is not enforceable and is voidable. (Dkt. 46 at pp. 22-24).

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 1
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

### 1. Contract enforcement challenges have been delegated to the arbitrator.

Defendants note that the arbitration agreement in the Cardholder Agreement contains a delegation clause that states "Any dispute regarding whether a particular controversy is subject to arbitration will be decided by the arbitrator(s)." (Dkt. 78-2). The United States Supreme Court recently affirmed its stance that delegation clauses must be enforced in *Henry Schein v. Archer and White Sales, Inc.*, No. 17-1272, 586 U.S. ___, 139 S. Ct. 524, 2019 WL 122164 (Jan. 8, 2019). Defenses to contract enforcement – such as duress or unconscionability – must be delegated to and decided by an arbitrator.

Moreover, Plaintiff's duress and unconscionability defenses must be decided by an arbitrator because they apply to the Cardholder Agreement as a whole and are not limited to the arbitration agreement. *In re RSL Legal Solutions, LLC*, 221 S.W.3d 629, 632 (Tex. 2007) ("Unless the arbitration provision alone was singled out from the other provisions, the claim of duress goes to the agreement generally and must be decided in arbitration.").

### 2. Plaintiff fails to show that a nationwide class would be manageable.

Plaintiff has the burden at the class certification stage to show that state-by-state legal variations are manageable. (Dkt. 87 at 14). Plaintiff solely focuses on mutual assent and ignores the contract enforcement defenses asserted. In doing so, Plaintiff has not shown that a nationwide class is manageable. *Cf. Cole v. Gen. Motors Corp.*, 484 F.3d 717, 725-26 (5th Cir. 2007) (denying certification as "largely textual presentation of legal authority oversimplified the required analysis and glossed over the glaring substantive legal conflicts among the applicable laws of each jurisdiction."); *Anderson v. Atlantic Recording Corp.*, No. 07-cv-934-BR, 2010 WL 1798441, at *9 (D. Or. May 4, 2010) (recitation of the elements "in various states without

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 2
(Case No. 3:17-cv-05848-RBL)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

an analysis of how those elements are interpreted or analyzed by the various states" has "been rejected by courts as overstating the similarities of various state laws.").

Plaintiff's focus on mutual assent is misplaced. Plaintiff argues that he had no choice but to accept the card to get this money back, so he did not assent to the contract or express that intention to Defendants in any way. (Dkt. 89 at 7). Plaintiff is wrong. The Cardholder Agreement states:

> "If you do not agree to these terms, do not use the Card and cancel it by calling Customer Service at 1-877-287-2448. Otherwise, your acceptance and/or use of the Card will be evidence of your agreement to these terms."

(Dkt. 78-2). Thus, Plaintiff and putative class members have a choice to get their money back without accepting the card.

Further, Plaintiff objectively accepted the release card. The Cardholder Agreement is accepted by use of the release card – and it is undisputed that Plaintiff used the release card. Plaintiff's duress and procedural unconscionability arguments on behalf of the proposed class go to the enforceability, not the formation, of the contract.[3]

Plaintiff wrongly contends that prior decisions in release card cases stand for the proposition that there is no mutual assent "if individuals do not have any choice but to accept the card." (Dkt. 89 at 7-8). Here, and in *Brown v. Stored Value*, the cardholders argued that they never received any cardholder agreement and thus could not have agreed to arbitration. *See* Order Denying Motion to Compel Arbitration (Dkt. 53 at 2) ("Reichert was not provided with

---

[3] Some states recognize that duress caused by "actual physical compulsion" renders a contract void instead of voidable. *See EverBank v. Marini*, 134 A.3d 189, 200 (Vt. 2015). This case does not involve allegations of "actual physical compulsion".

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 3
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

any paperwork explaining the Card"); *Brown v. Stored Value Cards, Inc.*, No. 3:15-cv-01370-MO, 2016 WL 755625, at *2 (D. Or. Feb. 25, 2016) ("Plaintiff argues that because she did not receive the Cardholder Agreement, she could not agree to it."). In *Regan v. Stored Value Cards, Inc.*, 85 F. Supp. 3d 1357 (N.D. Ga. 2015), the court did not find that mutual assent was lacking. Instead, the court concluded that "material fact issues surrounding contract formation preclude the Court from deciding as a matter of law that the parties did or did not enter into the agreement to arbitrate." *Id.* at 1364 (holding that court could not compel arbitration until issues of contract formation were resolved). The *Brown* court reached a similar result by stating that "this case proceeds to trial on the issue of arbitrability." 2016 WL 755625, at *4.

Plaintiff cannot satisfy his burden of showing that the certification of a nationwide class would be manageable in light of the relevant duress and procedural unconscionability issues. *Lozano*, 504 F.3d at 728.

### 3. It would be unmanageable to decide duress on a class-wide basis.

Under Washington law,

> Duress or business compulsion is a defense which must be proven by the "victim" who seeks to escape liability. To establish duress or coercion, there must be proof of more than reluctance to accept or financial embarrassment. The assertion of duress must be proven by evidence that the duress resulted from the other's wrongful or oppressive conduct. The mere fact that a contract is entered into under stress or pecuniary necessity is insufficient. Generally, circumstances must demonstrate a person was deprived of his free will at the time he entered into the challenged agreement in order to sustain a claim of duress.

*Retail Clerks Health & Welfare Trust Funds v. Shopland Supermarket, Inc.*, 96 Wn 2d 939, 944-45, 640 P.2d 1051, 1054 (Wash. 1982) (citations omitted).

There are material differences in the application of duress elements across the states.

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 4
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

States define wrongful conduct differently. Some states do not recognize economic duress as asserted by Plaintiff. *See Finstad v. Ransom-Sargent Water Users, Inc.*, 849 N.W.2d 165, 171 (N.D. 2014); *Northern Minnesota Paving, Inc. v. Asphalt Surface Technologies Corp.*, 1994 WL 637801, at *1 (Minn. Ct. App. Nov. 15, 1994).

Some states require that the wrongful or oppressive conduct be committed by a party to a contract. *See, e.g., AMS Staff Leasing, Inc. v. Taylor*, 158 So.3d 682 (2015) (holding under Florida law that "as a general rule, a contract may not be set aside on the basis of duress or coercion unless the improper influence emanated from one of the contracting parties – the actions of a third party will not suffice."). In opposing arbitration, Plaintiff argued that the arbitration agreement was voidable because Defendants held Plaintiff's cash and thus his acceptance was made under duress. (Dkt. 46 at 23). Kitsap County confiscated Plaintiff's cash pursuant to Washington law when he was arrested. W.A.C. § 136-137. To fulfill its obligation to return his money upon release, Kitsap County gave Plaintiff a release card loaded with his inmate trust account balance. Thus, the alleged "wrongful act" that forms the basis for Plaintiff's duress defense was committed by Kitsap County under Washington law. Kitsap County is not a party to the Cardholder Agreement.

Other states recognize that duress can be caused by a third party, but only if "the promisee had knowledge of or consented to the third party's action." *Oquendo v. CCC Terek*, 111 F. Supp. 3d 389 (S.D.N.Y. 2015) (applying New York law). Although the current class definition excludes individuals who were offered an alternative, a duress analysis under these state laws would require individualized mini-trials to determine (1) what specific actions the governmental entity took; and (2) whether Defendants had knowledge of or consented to these

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 5
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

actions. Plaintiff has offered no basis to make this proof class-wide.[4]

Duress also requires a showing of the impact of the alleged wrongful act on the "victim." The putative class members have the burden of proving duress, and that burden cannot be satisfied based on Plaintiff's experience. Several states hold that duress must be viewed in terms of an individual's response to the alleged wrongful act (subjective) and whether such response was reasonable in light of the facts presented (objective). *See Berardi v. Meadowbrook Mall Co.*, 572 S.E.2d 900, 904-05 (W.Va. 2002) ("the defense of economic duress does not turn only upon the subjective state of mind of the plaintiffs, but it must be reasonable in light of the objective facts presented."); *Averette v. Industrial Concepts, Inc.*, 673 So.2d 642, 644 (La. App. 1996) (same). What constitutes duress depends upon the facts of a particular case, such as age, physical and mental condition, existence of independent advice, whether the transaction was fair, the relationship between the parties, the value of the item at issue compared with the total wealth of the individual, and whether the individual was in an emergency situation. *See Barnes v. Barnes*, 193 S.W.3d 495, 500 (Tenn. 2006); *Rubenstein v. Rubenstein*, 120 A.2d 11, 14 (N.J. 1956). This determination cannot be made on a class-wide basis.[5]

Additionally, a contract entered into under duress can be ratified by subsequent actions. *See Western Washington Cement Masons Health & Sec. Trust Funds v. Hillis Homes, Inc.*, 26

---

[4] The Court recognized that governmental entities have sole discretion for determining release procedures and Rapid has no knowledge of whether governmental entities offer inmates options for reimbursement. (Dkt. 87 at 4).

[5] This inquiry is inherently individualized. While Plaintiff argues that individuals are subject to a coercive prison element, any such element has passed by the time the individual accepts the release card by using it after he or she is released. Further, expert testimony on an individual's state of mind is impermissible. *Siring v. Or. State Bd. of Higher Educ. Ex rel. E. Or. Univ.*, 927 F. Supp. 2d 1069, 1077 (D. Or. 2013) ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind.").

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 6
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Wn. App. 224, 234, 612 P.2d 436, 442 (Wn. App. 1980) ("Even assuming that the threat of picketing was unlawful, such duress would render the contract voidable, not void, and thereby subject to ratification by the party upon whom the alleged duress was perpetrated. By its subsequent conduct, viz., paying the agreed upon contributions for its union employees, Hillis Homes ratified the agreement."). Even if one assumed that each putative class member entered into a contract under duress, individualized discovery and mini-trials for each putative class member would have to be held to determine, based on their subsequent actions, whether the cardholders ratified the contract. *See Sacred Heart Health Systems, Inc. v. Humana Military Healthcare Services, Inc.*, 601 F.3d 1159, 1179 (11th Cir. 2010) (reversing certification of a class due in part to variations in state law on defenses of ratification and waiver).

Finally, some states discourage a finding of duress. *Hampton Island, LLC v. HAOP, LLC*, 702 S.E.2d 770, 773 (Ga. Ct. App. 2010) ("Georgia courts are reluctant to void contracts, and we have found no Georgia decision voiding a contract on the theory of economic duress."). Appendix A lists some of the material differences in state law on duress.

**4. Washington's unconscionability law is materially different from other states.**

The Court expressed concern that an arbitration agreement could be formed under the law of any state because a lack of an alternative constitutes procedural unconscionability. (Dkt. 87 at 14-15). Indeed, the Court denied Defendants' motion to compel arbitration because Defendants' contract was unconscionable under Washington law. (Dkt. 53 at 5). But the law on unconscionability varies materially state by state, requiring a state-by-state analysis. Several courts have declined to certify nationwide classes due to the necessity of deciding whether to enforce arbitration agreements under the laws of fifty states. *Lozano*, 504 F.3d at 728; *Conde v.*

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 7
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

*Sensa*, No. 14-cv-51-JLS-WVG, 2018 WL 4297056, at *11 (S.D. Cal. Sept. 10, 2018) (no predominance where court would have to determine which putative class members agreed to arbitrate); *Douglas v. Talk America Inc.*, No. CV 06-3809-GAF (RCx), 2009 WL 10669481, at *10 (C.D. Cal. Mar. 10, 2009) (same); *Stern v. AT&T Mobility Corp.*, No CV 05-8842 CAS (CTx), 2008 WL 4382796, at *11 (C.D. Cal. Aug. 22, 2008) (same).

Under Washington law, a finding of procedural unconscionability is sufficient – substantive unconscionability is not required. *See Hill v. Garda CL Northwest, Inc.*, 179 Wn.2d 47, 55, 303 P.3d 635, 638 (Wash. 2013). Plaintiff only asserted procedural unconscionability in opposing Defendants' motion to compel arbitration. (Dkt. 46 at 24-26). But Washington is in the minority; a vast number of states require: (1) both procedural and substantive unconscionability; or (2) a sliding scale of procedural and substantive unconscionability. *See* App. B. And some states' procedural unconscionability analysis cannot be performed on a class-wide basis because they consider the education and experience of the signing party. *See, e.g., Stavinsky v. Fay Serv., LLC*, 77 N.Y.S.3d 287, 294-95 (N.Y. Sup. Ct. 2018); App. B. This Court's determination that procedural unconscionability precluded the enforcement of the arbitration agreement against Plaintiff could not be applied to a nationwide class. *Kohl v. Bay Colony Club Condominium, Inc.*, 389 So.2d 865, 868 (Fla. Dist. Ct. App. 1981) ("The impression created by the cases we have examined involving an analysis of application of the common law doctrine of unconscionability is that the prerequisites for a finding of procedural unconscionability are too individualized to permit of class action proceedings.").

Because Plaintiff has not asserted *any* substantive unconscionability challenges, it is unclear whether any exist and, if Plaintiff does have such challenges, it is difficult to determine

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 8
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

how such challenges would be considered under each state's laws. But importantly for class certification purposes, and similar to the duress analysis, the facts surrounding the contract must be considered when addressing substantive unconscionability. *See, e.g., William W. Backus Hosp. v. Belisle*, 63 Conn. L. Rptr. 135, No. 2016 WL 6118987, at *5 (Sept. 6, 2016); App. B. Individual issues inherent in substantive unconscionability analysis predominate. *Herskowitz v. Apple, Inc.*, 301 F.R.D. 460, 474-75 (N.D. Cal. 2014).

### 5. The EFTA does not preempt state law on contract formation.

Plaintiff argues that the Electronic Funds Transfer Act ("EFTA") preempts state law on contract formation contract for a release card. (Dkt. 89 at 2-3). Plaintiff does not cite a *single* case that supports this preemption theory, nor did he raise this argument in opposing arbitration. (Dkt. 46). A review of the law illustrates why Plaintiff's legal theory is meritless.

Plaintiff argues that the EFTA implicitly preempts state law through conflict preemption. (Dkt. 89 at 3).[6] But Plaintiff fails to identify how the EFTA allegedly conflicts with state law on contract formation – an especially relevant failure given that courts have rejected the idea that the EFTA preempts breach of contract claims. *See Geimer v. Bank of Am., N.A.*, 784 F. Supp. 2d 926, 931 (N.D. Ill. 2011) (holding that Section 1693q "demonstrates that Congress did not intend for the [EFTA] to provide the exclusive cause of action for claims relating to unauthorized fund transfers"); *Stegall v. Peoples Bank of Cuba*, 270 S.W.3d 500 (Mo. Ct. App.

---

[6] The EFTA's preemption provision states that: "This subchapter does not annul, alter, or affect the laws of any State relating to electronic fund transfers, dormancy fees, inactivity charges or fees, service fees, or expiration dates of gift certificates, store gift cards, or general-use prepaid cards, except to the extent that those laws are inconsistent with the provisions of this subchapter, and then only to the extent of the inconsistency." 15 U.S.C. § 1993q.

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 9
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

2008) (rejecting contention that EFTA preempted state-law breach of contract claim).

Section 1693i sets forth conditions for the issuance of unsolicited cards. While Defendants disagree that its release cards are subject to Section 1693i, in no event does the EFTA preemption state law on contract formation. The failure to abide by the Section 1693i(b) requirements can serve as a potential basis for EFTA liability, but they have nothing to do with contract formation elements. In other words, two parties may enter into a valid contract and, if a party's conduct under the contract violates the EFTA, then the consumer could assert a claim under the EFTA. But such a claim does not preclude the formation of a contract.

For example, assume that a card issuer subject to the EFTA satisfies all the requirements under Section 1693i(b)(1), (2), and (4) for an unsolicited card, but does not provide notice on how to dispose of the card if the consumer does not want to validate it as required by Section 1693i(b)(3). The consumer could assert a claim for violation of the EFTA, but there is no doubt that a contract would be formed by the offer of a non-validated card with Terms and Conditions that was accepted by the consumer by requesting that the card be validated.

Parties may enter into a valid contract, including an agreement to arbitrate, even if a party allegedly violates the EFTA in performing its duties under the contract. Courts have often enforced agreements to arbitrate involving EFTA claims. *See Johnson v. West Suburban Bank*, 225 F.3d 366 (3d Cir. 2000), cert. denied, 531 U.S. 1135 (holding that EFTA claim was subject to arbitration); *Howse v. DirecTV, LLC*, 221 F. Supp. 3d 1339 (M.D. Fla. 2016) (same).

6.  **The EFTA's reliance element cannot be resolved on a class-wide basis.**

In his Hearing Brief, Plaintiff states that he will seek both actual and statutory damages under the EFTA. (Dkt. 89 at 12). 15 U.S.C. § 1693m(a)(1) provides that a consumer may

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 10
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

recover "any actual damage sustained by such consumer as a result of such failure" to comply with the EFTA.  Courts have held that actual damages under the EFTA requires a showing of detrimental reliance.  *See In re TD Bank, N.A. Debit Card Overdraft Fee Litigation*, 325 F.R.D. 136, 165 (D.S.C. 2018) (collecting cases from numerous jurisdictions).[7]  Given that Section 1693m provides for both actual and statutory damages, Section 1693m(a)(1)'s "as a result of" language for actual damages requires detrimental reliance because otherwise the "actual and statutory damages provisions would arbitrarily overlap."  *Id.*  As a result, the *TD Bank* court "join[ed] other courts in holding that the detrimental reliance requirement for actual damages claims under EFTA precludes class certification."  *Id.* at 168.  This Court should do the same.

**B.     Joinder of absent governmental entities is necessary.**

Joinder is required if, as a threshold matter, the absent party "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B).  While recognizing the Ninth Circuit's jurisprudence interpreting "claims an interest," consideration should also be given to the Rule's policy protecting absent parties.  "Because an absent party will not have stated an interest in the case," the "claims an interest" language in Rule 19(a)(1)(B) "infers that the absent party's interest will be 'potential claims' that such a party might later bring."  *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 182 F.R.D. 512, 519 (N.D. Ohio 1998).  "Courts have

---

[7] *Brown v. Bank of Am., N.A.*, 457 F. Supp. 2d 82, 90 (D. Mass. 2006); *Brown v. Wells Fargo & Co.*, 284 F.R.D. 432, 445–46 (D. Minn. 2012); *Stilz v. Glob. Cash Network, Inc.*, No. 10 CV 1998, 2010 WL 3975588, at *5 (N.D. Ill. Oct. 7, 2010); *Voeks v. Pilot Travel Centers*, 560 F. Supp. 2d 718, 721–725 (E.D. Wis. 2008); *Gonzalez v. Inv'rs Bank*, No. 2:L2-CV-04084 DMC, 2013 WL 5730528, at *6 (D.N.J. Oct. 21, 2013); *Archbold v. Tristate ATM, Inc.*, 2012 WL 3887167, at *5 (E.D.N.Y. Sept. 7, 2012); *Muchnik v. Union Credit Bank*, 2009 WL 3012811, at *1 (S.D. Fla. Sept. 16, 2009); *Martz v. PNC Bank, N.A.*, 2007 WL 2343800, at *7–8 (W.D. Pa. Aug. 15, 2007); *Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 408 (M.D. Fla. 2004).

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 11
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

generally construed 'claims an interest' to mean 'having an interest' in the case." *Id.* *See also Tell v. Trs. of Dartmouth Coll.*, 145 F.3d 417, 419 (1st Cir. 1998) ("'claims an interest' in [the Rule 19] context means nothing more than appears to have such an interest."); *Halsne v. Health*, No. 12-cv-2409 (SRN/JJG), 2013 U.S. Dist. LEXIS 84990, at *18 (D. Minn. June 18, 2013) ("While the first requirement of subsection (a)(1)(B) is that the absent party has 'claimed an interest relating to the subject of the action,' the absent party need not necessarily come forward with such an interest."); *Who must be joined in action as person "needed for just adjudication" under Rule 19(a), Federal Rules of Civil Procedure*, 22 A.L.R. Fed. 765 ("courts generally construe 'claims an interest' as though it read 'has an interest,' without discussion of the difference, if any. Since an absentee obviously cannot make 'claims' in the action itself, the word no doubt refers to the claims he might make on the basis of the actual interests he has, within the knowledge of the parties before the court, which suggests to them or to the court the possibility of prejudice to him or them.").

Keefe will address this issue further at oral argument, and the attached Declaration of Russell S. Ponessa, Exh A-D, provides additional contracts with governmental entities inside and outside Washington State.

DATED this 27th day of May, 2018.

**CORR CRONIN LLP**

 *s/ Emily J. Harris*
Emily J. Harris, WSBA No. 35763
1001 Fourth Avenue, Suite 3900
Seattle, WA  98154-1051
eharris@corrcronin.com

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 12
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

George Verschelden (*Pro Hac Vice to be submitted*)
**STINSON LLP**
1201 Walnut Street, Suite 2900
Kansas City, MO  64106-2150
george.verschelden@stinson.com

*Attorneys for Defendants Rapid Investments, Inc. and Cache Valley Bank*

**BETTS, PATTERSON & MINES, P.S.**

*s/ Karen Baumberger*
Karen Baumberger, WSBA #18478
701 Pike Street, Suite 1400
Seattle, WA  98101
kbamberger@bpmlaw.com

**HINSHAW & CULBERTSON LLP**
Russell S. Ponessa, MN Atty No. 169316
Suzanne L. Jones, MN Atty No. 38945
333 South Seventh Street, Suite 2000
Minneapolis, MN  55402
rponessa@hinshawlaw.com
sjones@hinshawlaw.com

*Attorneys for Defendants Keefe Commissary Network, LLC*

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 13
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2018, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED: May 27, 2018.

                           *s/ Emily J. Harris*
                         Emily J. Harris, WSBA No. 35763
                         CORR CRONIN LLP
                         1001 Fourth Avenue, Suite 3900
                         Seattle, WA 98154-1051
                         eharris@corrcronin.com

DEFENDANTS' CLASS CERTIFICATION HEARING BRIEF
PAGE - 14
(Case No. 3:17-cv-05848-RBL)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1340 00001 je27fp089g