UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY REICHERT,

          Plaintiff,

  v.

KEEFE COMMISSARY NETWORK LLC, et al.,

          Defendants.

CASE NO. C17-5848 BHS

ORDER

THIS MATTER is before the Court on Christopher Watkin's Motion to Intervene in this class action for purposes of opposing preliminary approval of a class settlement. Dkt. 195.

This case involves a class of formerly incarcerated plaintiffs who, upon their release, received a debit card purporting to account for any cash they possessed when they were jailed. These "release" cards had undisclosed fees. Defendants Keefe Commissary Network, Rapid Investments, and Cache Valley Bank are entities that issued the cards.

ORDER - 1

1        Plaintiff Jeffery Reichert[1] is a class representative for a certified national class

2 asserting a claim under the Electronic Funds Transfer Act, 15, U.S.C § 1693, and a

3 certified Washington class asserting state law Consumer Protection Act and other claims.

4 Plaintiff Reichert previously settled the class claims against Keefe Commissary, and the

5 Court finally approved that settlement at a fairness hearing in November 2022. Dkts. 179

6 and 181. On February 23, 2023, the parties informed the Court that they have settled the

7 remaining class claims against Rapid Investments and Cache Valley Bank. The Court is

8 awaiting a motion for settlement approval.

9        Watkins is the class representative for a similar class of Nevada plaintiffs asserting

10 Nevada state law claims, and seeking treble damages, in the United States District Court

11 for the District of Nevada. *Watkins v. Rapid Financial Solutions, Inc. d/b/a/ Access*

12 *Freedom Cards, Axiom Bank N.A., Keefe Commissary Network, LLC, d/b/a Access*

13 *Secure Release,* Case No. 3:20-cv-00509-MMD-CSD. The *Watkins* class has also been

14 certified.

15       Watkins asserts that the proposed settlement in this case is an effort to "sell out"

16 the Nevada class because it will include a release of *all* claims, including the claims

17 asserted in Nevada. Dkt. 195 at 3. Watkins asserts that the proposed settlement is

18 fundamentally unfair because it does not provide any specific consideration for the

19 Nevada class's state law claims. He argues that the settlement is in fact a "reverse

---

[1] Gary Moyer is also a class representative.

ORDER - 2

auction," where a class defendant settles the weakest claim against it in an effort to preclude other, better claims. *Id*. at 12 n.12.

Watkins seeks to intervene in this case, either as a matter of right under Federal Rule of Civil Procedure 24(a), or with the Court's permission under Rule 24(b). He argues that the settlement impairs his interest in the Nevada action and that his interests are not adequately represented or protected by Reichert. He seeks to object to the proposed *Reichert* settlement, to ensure that his Nevada claims are not resolved in this case.

The Defendants and Reichert oppose Watkins' intervention. Defendants argue that Watkins already opted out of the *Reichert* class and as a result he has no standing to object to the settlement. Dkt. 198 at 1. They describe *Watkins* as a "copycat" lawsuit (filed three years after *Reichert*) and point out that he has "followed" and relied on this Court's rulings in *Reichert* through each stage of the *Watkins* case, including in his efforts to avoid arbitration and to obtain class certification. They also argue that other plaintiffs who are members of both the *Watkins* class and the *Reichert* class can, individually, opt out of the settling class or remain in it and object to the settlement.

Reichert too argues that, because he opted out of the class, Watkins does not have standing to intervene or object to the proposed settlement. He also argues that the settlement does not purport to affect Watkins' claims in the Nevada case. Dkt. 199 at 1. He argues that any other Nevada class member can similarly opt out of this class and preserve their claims there. But he argues, persuasively, that Watkins has no ability to intervene on behalf of *all* the *Watkins* plaintiffs, or to object to the *Reichert* settlement on

their behalf. Dkt. 199 at 5 (citing *Zamora v. Ryder Integrated Logistics, Inc.*, 2014 WL 9872803, at *2–3 (S.D. Cal. Dec. 23, 2014)).

Watkins responds that this Court does not have jurisdiction to resolve Nevada class claims that were not pled in this action, and specifically that it has no jurisdiction to approve the proposed settlement of them. Dkt. 202 at 2–3. He argues that the standing problem is Reichert's, not his, and reiterates that he seeks to ensure only that the Nevada class claims are expressly "carved out" of the proposed settlement. *Id*.

Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(a)(2), one may intervene as a matter of right where four criteria are met:

> (1) The applicant must timely move to intervene;
> (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action;
> (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and
> (4) the applicant's interest must not be adequately represented by existing parties.

*Arkaki v. Cayentano*, 324 F.3d 1078, 1083 (9th Cir. 2003). The intervention standard under Rule 24 is a liberal one. *See Wash. State Building & Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982), *cert. denied*, 461 U.S. 913 (1983) (Rule 24 traditionally has received a liberal construction in favor of applicants for intervention).

ORDER - 4

Permissive intervention is available to any party at the Court's discretion:

> (1) On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> * * *
>
> (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). For the Court to allow permissive intervention, the moving party must show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

As an initial matter, if and to the extent Watkins seeks to intervene to object to the already-completed settlement with Defendant Keefe in this case, his effort is untimely as a matter of law. That settlement was finally approved at a public hearing four months before he filed his motion. Dkt. 179.

The Court also agrees that, because Watkins opted out of the *Reichert* class, the settlement of Reichert's claims against the remaining defendants in this case will have no impact on him; and he has no protectable interest in it, and no standing to intervene. This case is similar to *Zamora*, which explained why one who has opted out of a class cannot challenge an agreement resolving the rights of others: "[B]y opting out of the class, Martinez [the party seeking to intervene and object to the settlement] fully preserved his right to litigate any claims he may have independently, and therefore has no protectable

interest in the settlement." 2014 WL 9872803, at *2. "Those who fully preserve their legal rights cannot challenge an order approving an agreement resolving the legal rights of others." *Id*.

Nor can Watkins intervene on behalf of other class members who have not opted out of *Reichert*, and he cannot opt out for them. As *Zamora* explained:

> Because Martinez has opted out, the settlement will have no impact on Martinez's individual claims, which is the only relevant interest. Martinez has no standing to intervene here simply because the settlement may impact the size or composition of the class he purports to represent. . . . Nor does [Martinez] have standing because of the possibility that by participating in this settlement, individuals may be precluded from any recovery in Martinez's separate class action. *Cf. Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1024 (9th Cir.1998) ("The right to participate, or to opt-out, is an individual one and should not be made by the class representative or the class counsel.... There is no class action rule, statute, or case that allows a putative class plaintiff or counsel to exercise class rights en masse, either by making a class-wide objection or by attempting to effect a group-wide exclusion from an existing class.").

*Id*. at *2 n.2.

As it was for the plaintiff in intervention in *Zamora*, Watkins's lack of standing is fatal to his motion to intervene. *Id*. at *1.

Watkins's Rule 24 motion to intervene as of right or permissively is **DENIED** for lack of standing. However, the notice to the class describing the settlement shall inform the class members of the Nevada case and of their right to opt out of this class and proposed settlement if they deem it beneficial to pursue their claims in the Nevada case.

IT IS SO ORDERED.

//

//

ORDER - 6

1   Dated this 26th day of June, 2023.

                              _____
                              BENJAMIN H. SETTLE
                              United States District Judge

ORDER - 7